PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELOY BOSCH, Defendant and Appellant.

No. 4579. Argued December 17, 1931.—Decided January 26, 1932.

*Pedro M. Porrata* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

There being a vacancy in the membership of this Supreme Court, and the other four justices being equally divided in opinion in this case, the judgment of the lower court will remain in force, as rendered. *Saldaña* v. *Municipal Council of San Juan,* 15 P.R.R. 36.

This is an appeal from a judgment of conviction of carrying a prohibited weapon.

The appellant was, on July 4, 1930, a watchman of the Central Matilde, situated in the Judicial District of Ponce and crossed by an Insular public road. On that date, the appellant was on said road carrying a revolver. According to the evidence of the prosecution at the trial, a person told the appellant that two men were cutting grass from the Matilde estate without permission. As testified by the appellant, upon being so advised, he went to the road where he found the two men with a sackful of grass. He engaged in an argument with these men and was wounded by one of them. He admitted that he was then carrying a revolver.

As may be seen, the appellant was clearly guilty of the said offense. However, in an exhaustive and carefully prepared brief he maintains that he should not be punished for carrying said weapon, for although he carried a revolver on the highway he could do so without incurring any liability therefor, as he was investigating or inquiring into the commission of an offense of larceny within the estate of which he was a watchman, and to that end he could continue pursuing the culprits through other places without committing the offense for which he has been sentenced.

We do not agree with this theory of the appellant, as it is not justified by law, since under subdivision 5 of section 5 of Act No. 14 of 1924 (Session Laws, p. 114), authority is only given for the carrying of arms within one's dwelling or estate, and the appellant was on a public place. *People v. Peña,* 41 P.R.R. 757. That Act, in providing that the same shall not be applicable to the carrying of arms within one's dwelling or state, established a territorial limit within which weapons can be carried without any liability, and consequently it excluded all other places.

The appellant also makes reference to subdivision 1 of section 5 of the said Act, according to which the provisions of the Act are not applicable either to the carrying of im-

plements, tools or instruments pertaining to the arts, professions, trades, occupations, or sports when carried by reason or on occasion thereof. A revolver, however, is not included among such instruments, implements, or tools of the professions, arts, or trades, since by its own nature it has been manufactured for purposes of offense or defense but not for any of the purposes specified in the cited subdivision of the Act. Its use is prohibited to any person other than those mentioned in section 6 of the Act, among which the appellant is not to be found.

I am authorized by Mr. Chief Justice Del Toro to say that he concurs in this opinion.

The judgment appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Hutchison dissented.*